REYES PICÓN ET UX., Plaintiffs and Appellees, *v.* MERCIADER MERCADO MARTÍNEZ ET AL., Defendants and Appellants.

No. 8772. Argued January 19, 1944.—Decided April 26, 1944.

---

[4] Act No. 85 of May 12, 1943 (Laws of 1943, p. 198).

*Pedro E. Anglade* for appellants.  *Diego E. Ramos* for appellees.

MR. JUSTICE SNYDER delivered the opinion of the court.

Reyes Picón and her husband filed a suit in the district court against Merciader Mercado Martínez and others to recover possession of a certain 40-cuerda farm, asking that the defendants be enjoined from disturbing them in the possession of the same.  The farm in question had allegedly been acquired by the plaintiffs at a tax sale. In a previous unlawful detainer suit in the same court, the plaintiffs had obtained an order of eviction against the defendants.  Contrary to our holding in *Borges* v. *Janer, Judge,* 59 P.R.R. 943, a new order of eviction was entered when the defendants reoccupied certain houses on the farm.  However, the defendants again reoccupied the same houses, which the plaintiffs, incidentally, admit are the property of the defendants, after the second ouster order was served on them. Whereupon the plaintiffs filed the injunction suit herein. The case is here on appeal from the judgment of the district court in favor of the plaintiffs.

Both parties raise a number of questions, but one fundamental point is sufficient to dispose of this appeal.  The essential allegation that the appellees were in possession of the real property herein within the year immediately preceding the filing of the complaint is predicated on the alleged possession which the plaintiffs obtained from the marshal in execution of the last ouster order.  However, the testimony of the marshal, the pertinent portions of which are

set forth in the margin,[1] clearly demonstrates that there was considerable confusion as to the boundaries of the farm in controversy, that the latter was never duly identified, and that the marshal therefore never actually gave the plaintiffs material possession of the property.

This becomes even clearer when we note that the district court suggested the designation of a surveyor to locate the

---

[1] "Q.—Referring to the record of the above-mentioned case, which I hand to the Marshal—showing the Marshal the order issued by this Honorable Court on September 23, 1941, in civil case number 3310, above referred to—do you remember from what farm you ousted these people?

"A.—I remember the place. *I do not know the boundaries because plaintiffs' representative, Heriberto Serrano, told me that it was located in the center and that the houses were situated in the center of the farm.*

"Q.—The answer is all right. Now let us speak about the location of the persons, and second, about the area, how many cuerdas. You let me know if the question is not clear. We are not talking about the identification of the farm. We are talking about the farm from which you ousted the persons mentioned by you. My question is about the area, about the location, and about the boundaries. From the instructions received by you, could the Marshal say from what farm did you oust those persons?

"A.—*I could not say.*

" *   *   *   *   *   *   *

"Q.—Did you make sure from what other people told you, that the farm from which you were to oust these people was the farm described in the writ?

"A.—*No, I did not make sure.*

" *   *   *   *   *   *   *

"Q.—According to the writ you went to that place; did those persons show you the land?

"A.—*Not the land, but the houses.*

"Q.—And the farm?

"A.—*The houses.*

" *   *   *   *   *   *   *

"Q.—You say that you did not make sure about which was the farm?

"A.—*No, sir.*

"Q.—You do not know whether its area was 40 cuerdas, or whether it belongs to another farm of the defendants?

"A.—*No, sir, I do not know.*

" *   *   *   *   *   *   *

"Q.—So that when you executed the ouster you did not know the boundaries of the 40-cuerdas farm?

"A.—No, sir.

"Q.—You do not know whether the houses are located within the 40-cuerda farm or within the 100-cuerda farm, belonging to them?

"A.—No, sir.

" *   *   *   *   *   *   *

land.[2] If it was necessary before deciding this injunction suit to locate the land involved by a survey, it is obvious that the marshal had not actually put the plaintiffs in possession thereof under the last ouster order. As the suit of the plaintiffs was predicated on the possession allegedly obtained from the marshal, the judgment in their favor cannot be permitted to stand.

The judgment of the district court will be reversed and a new judgment in favor of the defendants will be entered.

"Q.—So you do not know whether or not it was the 40–cuerda farm?

"A.—No, sir.

"Q.—Do you know the distance, how many cuerdas are there among the houses of the 40–cuerda farm?

"A.—There is a wire fence separating the house of this lady.

"Q.—Do you know the boundary between the 100–cuerda farm and the 40–cuerda farm?

"A.—No, sir." (Italics ours).

[2] The language of the district court was as follows:

"The Court wishes to state for the record, for the benefit of both parties, that owing to the circumstances of this case and to the pleadings filed herein, the Court makes the proposition to the parties, because it deems it necessary for an impartial decision in this case, that a surveyor be appointed in order that he may locate the 40 cuerdas, each party, by its representatives, being required to state where in its opinion the 40 cuerdas which were the object of the ouster are located."